**William R. BRADLEY**

v.

**G. & W. H. CORSON, INS.**

**Civ. A. No. 80–2795.**

United States District Court,
E. D. Pennsylvania.

Sept. 17, 1980.

Rosemarie T. Kenkelen, Philadelphia, Pa., for plaintiff.

Michael F. Kraemer, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

GILES, District Judge.

The major question now before this court is whether a Title VII plaintiff may be awarded compensatory damages. This is an action for employment discrimination brought under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e to 2000e–17 (1976). Plaintiff asks for relief including compensatory, punitive, and liquidated damages. *See* Complaint, at 2 (¶ 4), 5 (¶¶ 4–5). Defendant moves to dismiss and to strike the claims for punitive, liquidated, and compensatory damages. The motion is uncontested. *See* E.D.Pa. R. Civ.Pro. 20(c).

## I. MOTION TO DISMISS

Defendant argues that plaintiff failed to bring suit within ninety days of the issuance of his Right–to–Sue Letter by the EEOC, as required by 42 U.S.C. § 2000e–5(f)(1) (1976). The Right–to–Sue Letter was issued on April 18, 1980. *See* Notice of Right to Sue, Complaint, Exhibit C. Suit was instituted exactly ninety–one days later, on July 18, 1980. *See* Complaint, at 1. Defendant, however, mistakes the law; the ninety–day period commences not with issuance of the Letter, but with its receipt. *E.g., Shehadeh v. Chesapeake & Potomac Telephone Co.,* 595 F.2d 711, 717 & n.22 (D.C.Cir.1978); *Bailey v. Boilermakers Local 677,* 480 F.Supp. 274, 280 (N.D.W.Va. 1979); *Tavernaris v. Beaver Area School District,* 454 F.Supp. 355, 356 (W.D.Pa. 1978). This requirement appears on the face of the Letter. Notice of Right to Sue, Complaint, Exhibit C ("IF YOU DECIDE TO SUE, YOU MUST DO SO WITHIN NINETY (90) DAYS FROM THE *RECEIPT* OF THIS NOTICE . . . .") (emphasis added). Because the Letter obviously spent at least one day in the mail, the

Complaint is timely.[1] The motion to dismiss will be denied.

## II. MOTION TO STRIKE

### A. *Punitive Damages*

■ Defendant correctly points out that punitive damages may not be recovered in a Title VII action. *E.g., Richerson v. Jones,* 551 F.2d 918, 926–28 (3d Cir. 1977). The motion to strike the claim for punitive damages will be granted.

### B. *Compensatory and Liquidated Damages*

■ Every circuit, and almost every district, that has addressed this issue has concluded that the enforcement provision of Title VII, 42 U.S.C. § 2000e–5(g) (1976), does not authorize compensatory damages. *See, e.g., DeGrace v. Rumsfeld,* 614 F.2d 796, 808 (1st Cir. 1980); *Harrington v. Vandalia–Butler Board of Education,* 585 F.2d 192, 194–96 (6th Cir. 1978), *cert. denied,* 441 U.S. 932, 99 S.Ct. 2053, 60 L.Ed.2d 660 (1979); *Pearson v. Western Electric Co.,* 542 F.2d 1150, 1151–52 (10th Cir. 1976); *National Organization for Women v. Sperry Rand Corp.,* 457 F.Supp. 1338, 1347 (D.Conn.1978); *Plummer v. Chicago Journeyman Plumbers' Local 130,* 452 F.Supp. 1127, 1141 (N.D.Ill. 1978); *Schick v. Bronstein,* 447 F.Supp. 333, 338 (S.D.N.Y.1978); *Dual v. Griffin,* 446 F.Supp. 791, 800 n.40 (D.D.C.1977); *Presseisen v. Swarthmore College,* 71 F.R.D. 34, 45 n.12, *aff'd mem.,* 582 F.2d 1275 (3d Cir. 1978); *Van Hoomissen v. Xerox Corp.,* 368 F.Supp. 829, 835–38 (N.D.Cal.1973), *appeal dismissed,* 497 F.2d 180 (9th Cir. 1974). Thus, the result here might be easy except that the Third Circuit has not squarely decided this issue and this district has reached contradictory results. *Compare Ahmad v. Independent Order of Foresters,* 81 F.R.D. 722, 729–30 (E.D.Pa.1979) (per Lord, C.J.) (compensatory damages available), *with Presseisen v. Swarthmore College,* 71 F.R.D. 34, 45 n.12 (E.D.Pa.1976) (per Bechtle, J.) (compensatory damages unavailable), *aff'd mem.,* 582 F.2d 1275 (3d Cir. 1978).

The Third Circuit decision that is closest to a controlling precedent is *Richerson v. Jones,* 551 F.2d 918 (3d Cir. 1977), holding that punitive damages are unavailable under Title VII. *See generally,* Annot., 43 A.L.R.Fed. 208 (1979). The *Richerson* court observed that Title VII authorizes the award of only *"such affirmative action as may be appropriate . . . or any other equitable relief as the court deems appropriate." Id.* 926 (quoting 42 U.S.C. § 2000e–5(g)) (Third Circuit's emphasis). The court pointed out that because punitive damages are traditionally offered by courts of law, rather than equity, "[t]o hold that punitive damages are a form of equitable relief would be a gross distortion of language and legal history." 551 F.2d at 927. The court went on to say that the phrase "such affirmative action as may be appropriate" could not be construed to include punitive damages, *id.,* and that the legislative history of 42 U.S.C. § 2000e–5(g) suggests that Congress did not intend to authorize punitive damages. *Id.* 927–28. Thus, *Richerson* and its logic imply that because compensatory and liquidated damages are legal in character, they are unavailable as a form of Title VII relief.

Judge Bechtle used identical reasoning in *Presseisen v. Swarthmore College,* 71 F.R.D. 34, 45 n.12, *aff'd mem.,* 582 F.2d 1275 (3d Cir. 1978), *cited in Richerson v. Jones,* 551 F.2d 918, 926 n.13 (3d Cir. 1977). He adopted the analysis of *Van Hoomissen v. Xerox Corp.,* 368 F.Supp. 829, 835–38 (N.D.Cal.1973), *appeal dismissed,* 497 F.2d 180 (9th Cir. 1974), summarizing that case in these words: "Suffice it to say that § 2000e–5(g) is quite specific in the remedies it provides—namely, equitable remedies. Had Congress intended to provide for compensatory damages for mental distress as well as punitive damages, it would have so stated." 71 F.R.D. at 45 n.12. The circuits and the vast majority district courts that have ruled on this issue have followed identical interpretations of the language of 42

---

1. Even if the complaint were filed ninety–one days after receipt, it might still be timely under the automatic three–day extension for mail service of Fed.R.Civ.Pro. 6(e). *See, Tavernis,* 454 F.Supp. at 356–57.

U.S.C. § 2000e–5(g), *e. g., DeGrace v. Rums-feld*, 614 F.2d 796, 808 (1st Cir. 1980); *Harrington v. Vandalia–Butler Board of Education*, 585 F.2d 192, 194–96 (6th Cir. 1978), cert. denied, 441 U.S. 932, 99 S.Ct. 2053, 60 L.Ed.2d 660 (1979), and have shown that this interpretation is supported by the legislative history. *E.g., Van Hoomissen*, 368 F.Supp. at 836–38, *quoted in Harrington*, 585 F.2d at 195–97.

The Third Circuit, however, allowed the award of "compensatory" damages in *Rosen v. Public Service Electric & Gas Co.*, 477 F.2d 90, 95–96 (3d Cir. 1973). This opinion was later distinguished in *Richerson:*

> Finally, we are aware that in *Rosen v. Public Service Electric and Gas Co.*, 477 F.2d 90, 96 (3d Cir. 1973), this Court stated that plaintiffs who were denied pension benefits because of sex discrimination could recover "compensatory damages" under Title VII. While *Rosen* referred to compensatory, rather than punitive damages, it could be argued, inasmuch as both types of damages are legal in character, that this Court in *Rosen* extended the "equitable relief" of the statute to forms of legal relief. Such an interpretation is unwarranted. *Rosen* was unquestionably correct in concluding that wrongfully withheld pension benefits could be recovered under Title VII, but as the Supreme Court made clear in *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 416–17 [95 S.Ct. 2362, 45 L.Ed.2d 280] . . . (1975), that recovery is actually a form of equitable restitution rather than a form of legal damages.

551 F.2d at 926 n.13 (citations omitted).

In *Ahmad v. Independent Order of Foresters*, the court, relying on *Rosen*, refused to strike a claim for compensatory damages. 81 F.R.D. 722, 729–30 (E.D.Pa.1979). This ruling was based solely on the following interpretation of *Rosen* and *Richerson*: "[T]he Third Circuit has approved the award of such damages in *Rosen v. Public Service Electric and Gas Company*, 477 F.2d

90 (3d Cir. 1973). In *Richerson*, the Third Circuit did not overrule *Rosen*, but distinguished it in a footnote. 551 F.2d at 926–27, n.13." *Ahmad*, 81 F.R.D. at 730. The Third Circuit in *Richerson*, however, drew the line for proper remedies not between compensatory and punitive damages, but between legal and equitable relief. The *Richerson* court distinguished its previous ruling in *Rosen*, which had allowed damages in the form of recovery of pension benefits, on the grounds that "that recovery is actually a form of equitable restitution rather than a form of legal damages." 551 F.2d at 926 n.13.

This court follows the distinction drawn in *Richerson*, and adopts the compelling reasoning of, *e.g., DeGrace*, 614 F.2d at 808; *Vandalia*, 585 F.2d at 194–97; *Presseisen*, 71 F.R.D. at 45 n.12; and *Van Hoomissen*, 368 F.Supp. at 835–38, that Title VII allows only equitable relief. The court therefore holds that compensatory and liquidated damages are not recoverable under 42 U.S.C. § 2000e–5(g) (1976). Defendant's motion to strike claims for compensatory and liquidated damages will be granted.[2]

---

2. Damages that plaintiff may have denominated as "compensatory," but which are essentially equitable like those in *Rosen*, are deemed included in plaintiff's prayer for equitable relief.