**Roxanne SPIRIDIGLIOZZI, Plaintiff,**

v.

**BETHLEHEM MINES CORP., CAMBRIA DIVISION and United Mine Workers of America District BI, 6934, Isabel Kastick, E.J. Korber, Larry Morgan, Joseph Fether, Joseph Spanko, Sr., Charles Lucas, Frank Coolidge, and Ron Carpenter, Defendants.**

Civ. A. No. 80–664.

United States District Court,
W.D. Pennsylvania.

Dec. 15, 1980.

Martha Hartle Munsch, Robert W. Hartland, Reed Smith Shaw & McClay, Melvin P. Stein, Pittsburgh, Pa., for defendants.

Chere Winnek-Shawer, Indiana, Pa., for plaintiff.

## OPINION

DUMBAULD, Senior District Judge.

Following oral argument on December 2, 1980, there are pending for disposition defendants' motion to dismiss (or in the alternative for summary judgment, on affidavits and other material now of record), and plaintiff's motion to compel answers to interrogatories. It was the consensus of counsel that disposition of the latter motion depends upon the scope of the litigation as fashioned by the result reached as to the effect of a "predetermination settlement" approved by Equal Employment Opportunity Commission (hereafter EEOC) on November 21, 1977 (Ex. B to Complaint).

That document terminated proceedings before the EEOC upon charge No. 034–770076 relating to alleged violations of Title VII of the Civil Rights Act of 1965, 42 U.S.C. § 2000e–2(a)(1), by defendants with respect to plaintiff in the matter of sex discrimination. Pertinent paragraphs thereof provide:

### Section I paragraph 3

The Charging Party hereby waives, releases and covenants not to sue Respondent with respect to the matters which were or might have been alleged as charges filed with the Equal Employment Opportunity Commission, subject to performance by the Respondent of the promises and representations contained herein. The Commission shall determine whether the Respondent has complied with the terms of this Agreement.

### Section I paragraph 5

The Parties agree that there shall be no discrimination or retaliation of any kind against any person because of opposition to any practice declared unlawful under Title VII of the Civil Rights Act of 1964, as amended, or because of the filing of a charge; giving of testimony or assistance; or participation in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964, as amended.

### Section II paragraph 1

Respondent agrees to pay Charging Party the amount of $8,000.00 less deductions required by law. This amount is considered as full settlement of all claims Charging Party may have against Respondent, arising out of her previous employment with Bethlehem Mines Corporation. A job offer is not required under this Agreement.

The "deductions required by law" apparently reduced the amount paid to plaintiff to $5,692.00, according to plaintiff's receipt filed therewith.

Subsequently plaintiff applied to defendant Bethlehem for re-employment, but was not rehired. She filed with EEOC another charge (No. 034–790954) which the Commission terminated on February 21, 1980, by finding "that there is not reasonable cause to believe that [plaintiff's] allegation is true [attachment to defendants' answer filed July 2, 1980] and issuing to plaintiff on the same day a "right to sue" letter [Ex. A to Complaint], in pursuance of which the instant action was filed on May 20, 1980.

The Complaint, besides the company and the UMWA union, names as defendants several individual employees of the company and union officials. Some of the individual defendants have not been served, and the motion to dismiss is hereby granted as to them.

The complaint contains allegations of sex discrimination during plaintiff's employment with Bethlehem between October 1975 and December 1976. Illegal discharge is alleged. Sex discrimination and retaliation charges are also alleged covering the period from 1978 when plaintiff has sought reemployment. Institutional injunctive relief is sought, as well as back pay with interest, damages sustained, as well as "liquiiated [sic] damages and exemplary damages," together with costs of suit and counsel fees.

It is obvious that many of the issues presented by the complaint are precluded by the terms of the "pre-determination settlement" unless that instrument is invalidated.

It is plainly the policy of Congress that the EEOC "shall endeavor to eliminate" alleged unlawful practices "by informal methods of conference, conciliation and persuasion." 42 U.S.C. § 2000e–5. The pref-erence for voluntary disposition of complaints is evidenced by the requirement delaying the right to sue until time for conciliation has been afforded. 42 U.S.C. § 2000e–5(f)(1). See *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44, 94 S.Ct. 1011, 1017, 39 L.Ed.2d 147 (1974). The same policy of mandatory conciliation generally precludes court litigation of matters not presented to the EEOC or involving defendants not named in the EEOC charge, *Ostapowicz v. Johnson,* 541 F.2d 394, 398–99 (C.A.3, 1976); *Kutska v. Calif. State College,* 410 F.Supp. 48, 49–50 (W.D.Pa.1976); *Martin v. Easton Pub. Co.,* 478 F.Supp. 796, 797 (E.D.Pa.1979).

■ Hence settlements reached in pursuance of EEOC practice are entitled to the same treatment as voluntary settlements of litigation generally. There is no favored status for EEOC complainants entitling them to unusual liberality in disregarding settlements such as might be found to exist in the case of admiralty proceedings involving seamen (who are traditionally regarded as wards of the court). What would amount to waiver, release, or covenant not to sue in any civil litigation is sufficient to produce the same consequences with respect to matters covered by EEOC charge No. 034–770076. These include, as noted above, all matters "which were or might have been alleged as charges filed" in the EEOC proceedings.[1]

Therefore summary judgment must be rendered in favor of all defendants with respect to all issues covered by the settlement agreement.

There also seems to be no reason justifying inclusion of the individual defendants. They will therefore all be dismissed.

---

1. The release is "subject to the performance by the Respondent of the promises and representations contained herein." But plaintiff makes no specific allegations of non-compliance except as to expungement of material from her employment file [Par. 10(g) of Complaint]. Such charges of non-compliance must be made to the EEOC. The settlement agreement specifies that EEOC "shall determine whether the Respondent has complied with the terms of this Agreement." At the present stage of proceedings no noncompliance can be assumed. The issue is prematurely presented to this Court which therefore now lacks jurisdiction. In any event the alleged non-compliance does not appear to relate to a matter sufficiently substantial to justify invalidation of the settlement agreement after receipt of the $5,692.00 by plaintiff.

For present purposes we interpret the provision that "A job offer is not required under this Agreement" as merely relieving defendant Bethlehem from any requirement to reinstate plaintiff as part of the settlement terms. We need not conclude, as defendant would contend, that it is like the terms sometimes included in FELA settlements that the plaintiff shall have no further right to a job with the railroad under any circumstances.

Obviously if plaintiff subsequently applied for a job *and was rejected because of her sex* defendant could be guilty of a new violation of the statute. However, plaintiff's charge No. 034–790954 (Ex. 4 to defendants' brief) does not specify sex as the alleged ground of discrimination, but retaliation for having filed the prior charge. In fact plaintiff expressly states that 150 female applicants have been hired. Therefore, in the light of the *Ostapowicz* principle, this Court does not have jurisdiction of the instant case as a sex discrimination case as its jurisdiction is invoked in the complaint.

However, it would seem that there remains a viable lawsuit with respect to the charge of retaliatory non-hiring rejected by EEOC in No. 034–790954. As remarked during argument, this claim could be advanced on those grounds by an aggrieved employee of either sex. If the jurisdictional basis is derived from some other statute, plaintiff is given leave to amend by invoking the appropriate jurisdictional statutes. Future discovery should therefore be limited to what is appropriate in connection with the surviving issues. The most suitable disposition of plaintiff's motion to compel answers to interrogatories is therefore to deny said motion *pro forma in toto*, with leave to plaintiff to reframe interrogatories pertinent to the issues as limited by this Court's opinion and judgment herein.

## JUDGMENT

For the reasons set forth in the foregoing opinion, judgment is hereby entered in favor of all defendants and against plaintiff; provided that plaintiff is given leave to amend by alleging the appropriate statutory basis for jurisdiction of plaintiff's claim of retaliatory refusal to rehire, which claim was rejected by EEOC in charge No. 034–790954, and that plaintiff is also given leave to reframe interrogatories so as to restrict them to such as are pertinent to the issues remaining in the case as limited by this Court's opinion and judgment;

AND IT IS FURTHER ORDERED, that all individual defendants be dismissed from the case;

AND IT IS FURTHER ORDERED that individual defendants Korber, Morgan, and Fether be dismissed for lack of service of process;

AND IT IS FURTHER ORDERED that plaintiff's motion to compel answers to interrogatories be denied, with leave to plaintiff to reframe interrogatories pertinent to the issues as limited by this Court's opinion and judgment herein.