Dorothy J. DAVIS

v.

DEVEREUX FOUNDATION.

Civ. A. No. 85–4349.

United States District Court, E.D. Pennsylvania.

Jan. 3, 1986.

Alan Epstein, Media, Pa., for plaintiff.

Brian Bennett, Wayne, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Plaintiff, Dorothy J. Davis, brought this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* alleging that defendant Devereux Foundation has discriminated against her on the basis of sex. Presently before the court are defendant's motions for summary judgment and to strike plaintiff's demands for a jury trial and for compensatory and punitive damages.

The plaintiff's complaint filed July 26, 1985, contains the following factual allegations.

Plaintiff is a white, female citizen of the United States who, at the time this action arose, was a resident of Pennsylvania. She is presently residing in New Jersey. Defendant is a non-profit organization existing by and under the laws of the Commonwealth of Pennsylvania. It is a residential treatment center for mentally and emotionally disturbed persons. Plaintiff was hired by defendant as a guidance counselor at the defendant's Brandywine Campus effective August 30, 1982. Defendant terminated her employment on April 15, 1983 because of alleged budget cuts, alleged changes in the composition of the job and the alleged necessity of having a male in the position who could physically discipline the students. After plaintiff's termination, the budget was not cut, the composition of the job was not changed but a male was hired to take plaintiff's position. On July 11, 1983, plaintiff filed a complaint with the Pennsylvania Human Relations Commission (PHRC). On September 15, 1983 plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC).

(EEOC Charge No. 031–833713) In each complaint, plaintiff alleged she was the victim of sex discrimination. As a result of counseling by the EEOC, plaintiff and defendant entered into a conciliation agreement on November 10, 1983 by which defendant agreed to reinstate plaintiff in a lesser position in return for plaintiff's agreement to drop all charges against defendant. Pursuant to this agreement, plaintiff was reinstated by defendant on November 15, 1983. After a long period of criticism and harassment, defendant once again terminated plaintiff's employment on January 5, 1984. As a result, plaintiff again filed charges with the PHRC on February 3, 1984 and with the EEOC in April of 1984. (EEOC Charge No. 031–841641) Plaintiff received a right-to-sue letter from the EEOC on May 29, 1985 notifying her of her right to bring suit in federal district court.

The plaintiff's complaint sets forth the following claims for relief:

(1) A claim for employment discrimination on the basis of sex pursuant to 42 U.S.C. §§ 2000e *et seq.*, commonly referred to as Title VII of the Civil Rights Act of 1964. A claim that defendant has taken retaliatory action against plaintiff for filing and pursuing charges before the EEOC and the PHRC.

(2) A claim for deprivation of due process and the equal protection of the laws in violation of the Fifth, Thirteenth and Fourteenth Amendments.

A claim that by acting in concert, defendant and its servants violated the mandates of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1985 by depriving plaintiff of the equal protection of the laws and equal privileges and immunities under the laws because of her sex.

(3) A claim that defendant violated plaintiff's rights under the First Amendment as applied to the states through the Fourteenth Amendment by taking retaliatory action against plaintiff.

(4) (5) State law claims for wrongful discharge and intentional infliction of emotional distress which plaintiff asks us to consider under the doctrine of pendent jurisdiction.

In her prayer for relief, plaintiff seeks a declaratory judgment, declaring the practices of the defendant to be in violation of the Constitution and the laws of the United States of America as well as the laws of the Commonwealth of Pennsylvania. Plaintiff also asks this court to require defendant to employ her in the most appropriate position with complete adjustment for pay, benefits, seniority and promotion. Plaintiff further seeks compensatory and punitive damages including, but not limited to loss of wages, past and future, with interest as well as damages for humiliation and emotional distress. Finally, plaintiff is seeking the costs of the suit and reasonable attorney's fees. For the reasons which follow, we shall grant defendant's motions to dismiss plaintiff's sex discrimination charge under Count I of her complaint as well as Counts II, III, IV, V in their entirety. We shall also grant defendant's motion to strike plaintiff's demand for a jury trial and for compensatory and punitive damages. This matter shall therefore proceed to trial on the issue of defendant's alleged retaliation under Title VII of the Civil Rights Act of 1964.

To prevail upon a motion for summary judgment, the moving party must conclusively demonstrate to the court's satisfaction that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Major's Furniture Mart, Inc. v. Castle Credit Corp.*, 602 F.2d 538, 539 (3d Cir.1979); *Drexel v. Union Prescription Centers, Inc.*, 582 F.2d 781, 784 (3d Cir.1978). We must view the evidence in the light most favorable to the party opposing the motion. *Bishop v. Wood*, 426 U.S. 341, 347 n. 11, 96 S.Ct. 2074, 2078 n. 11, 48 L.Ed.2d 684 (1976); *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Drexel v. Union Prescription Centers, Inc.*, *supra* at 784.

In Count I of its complaint, plaintiff alleges that Devereux has discriminated

against her on the basis of sex and that it has taken retaliatory action against her for filing and pursuing charges before the PHRC and the EEOC, all in violation of Title VII. Addressing plaintiff's sex discrimination claim first, we note that settlements reached in pursuance of EEOC practice are entitled to the same treatment as voluntary settlements of litigation generally. *Spiridigliozzi v. Bethlehem Mines Corp. Cambria Div.*, 558 F.Supp. 734, 736 (W.D.Pa.1980). "There is no favored status for EEOC complainants entitling them to unusual liberality in disregarding settlements ..." *Spiridigiozzi, supra.*

■ In the case *sub judice*, plaintiff's sex discrimination complaints filed with the PHRC and EEOC were part of the November 10, 1983 conciliation agreement between plaintiff and the Devereux Foundation. That agreement consists of three documents. The first document entitled "Mutual General Release," specifically serves to release Devereux Foundation from all actions and charges of discrimination by Dorothy Davis. The second document entitled "Pennsylvania Human Relations Commission Respondent and Complainant Agreement" serves to release Devereux "from all claims arising in any manner from the complaint in the above Docket No. E–25921 and EEOC Charge No. 031–833713, and waives any actions she may have had or will have under local, state or federal laws regarding said complaint." The third document entitled "Negotiated Agreement" contains plaintiff's agreement not to institute a suit under Title VII based on EEOC Charge No. 031–833713. Thus it is obvious that plaintiff's sex discrimination complaint under Title VII is precluded by the terms of the conciliation agreement of November 10, 1983 unless, of course, that instrument is subsequently found to be invalid.

■ Obviously if defendant discriminated against plaintiff on the basis of séx during plaintiff's second tour of duty with defendant, defendant could be guilty of a new violation of the statute. However, plaintiff's Charge No. 031–841641 (Exhibit 1 of defendant's brief) does not specify sex as the alleged ground of discrimination, but retaliation for having filed the prior charge. Thus, as plaintiff's second EEOC complaint contained only allegations of retaliation, this court does not have jurisdiction of the instant case as a sex discrimination case. *Spiridigliozzi* at 737.

We now turn to plaintiff's retaliation claim under Title VII. Section 704(a) of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–3(a) is the primary source of protection against retaliation for those who oppose discrimination or participate in Title VII processes. That section provides:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency ... to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this title, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title.

■ Viewing the evidence in the light most favorable to plaintiff, we conclude that there do in fact exist genuine issues of material fact which must be resolved at trial. Plaintiff filed a sex discrimination charge against Devereux with both the PHRC and the EEOC. (EEOC Charge No. 031–833713) As a result of plaintiff's charge, the parties subsequently entered into the November 10, 1983 conciliation agreement in which Devereux agreed to reinstate plaintiff as a Communications Coordinator in return for plaintiff's agreement to release Devereux from all actions including any alleged discrimination arising out of the termination of plaintiff's employment at Devereux on April 15, 1983. Pursuant to this agreement, plaintiff was reinstated with Devereux on November 15, 1983. Plaintiff then alleges that after being criticized and harassed for seven weeks by her employers at Devereux, she was

once again released. Thus, at trial, the court could find that the plaintiff was dismissed a second time by Devereux in retaliation for her filing a sex discrimination charge against Devereux with the PHRC and the EEOC (EEOC Charge No. 031–833713) in violation of § 704(a). Additionally, the court could find that the conciliation agreement was the product of material misrepresentations of fact by Devereux. The court could even find that Devereux's conduct constituted fraud, it having entered into the conciliation agreement without intending to honor it and for the purpose of frustrating plaintiff's intention to seek redress under Title VII. Therefore, we shall allow plaintiff's retaliation claim under Title VII to proceed to trial.

■ Turning to Count II of plaintiff's complaint, we note that plaintiff charges defendant with violating the Fifth, Thirteenth and Fourteenth Amendments by depriving plaintiff of due process and equal protection of the laws. Assuming plaintiff is alleging sex discrimination under the due process and equal protecting clauses, we note that we have already determined that plaintiff's sex discrimination complaint under Title VII was barred by the conciliation agreement of November 10, 1983. For the same reasons we hold that plaintiff's sex discrimination complaint under the Fifth and Fourteenth Amendments must also be barred by the settlement agreement of November 10, 1983. As for plaintiff's Thirteenth Amendment claim, we note that plaintiff has alleged absolutely no facts that would support a claim of racial discrimination under that Amendment.

As an additional part of Count II, plaintiff alleges that Devereux has violated the mandates of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1985 in that defendant and its servants, workmen and employees acted in concert with the purpose of depriving plaintiff of the equal protection of the laws and equal privileges and immunities under the laws because of her sex. This claim specifically falls under 42 U.S.C. § 1985(3). The Supreme Court has recently ruled that § 1985(3) may not be invoked to redress violations of Title VII. *Great American Federal Savings and Loan Association v. Novotny*, 442 U.S. 366, 378, 99 S.Ct. 2345, 2352, 60 L.Ed.2d 957 (1979). The *Novotny* court reasoned that unimpaired effectiveness can be given to the plan put together by Congress in Title VII only by holding that the deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3).

■ In the case *sub judice*, plaintiff's claims of sex discrimination and retaliation are both within the scope of Title VII. Therefore, plaintiff may not seek redress for those claims under 42 U.S.C. § 1985(3). Accordingly, we will grant defendant's motion to dismiss all claims based upon § 1985(3).

In Count III of its complaint, plaintiff alleges that Devereux violated her rights under the First Amendment as applied to the states through the Fourteenth Amendment by its harassing and retaliatory behavior directed towards plaintiff in response for her filing charges against Devereux. Both the Fourteenth Amendment and the First Amendment, by virtue of the due process clause of the Fourteenth Amendment, protect individuals from a denial of their rights by *state* or otherwise official actors. *United Brotherhood of Carpenters and Joiners of America, Local 610, AFL–CIO, et al v. Scott et al*, 463 U.S. 825, 832, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983); *Stoltzfus v. Ulrich*, 587 F.Supp. 1226, 1230 (E.D.Pa.1984). (emphasis added)

■ In the case *sub judice*, since plaintiff has not alleged any facts showing that the harm she allegedly suffered was the result of state action or action by Devereux acting under authority of the state, we must also dismiss her First Amendment complaint.

Counts IV and V of plaintiff's complaint deal with claims based on Pennsylvania state law including wrongful discharge and intentional infliction of emotional distress. Plaintiff has asked this court to invoke its

pendent jurisdiction to take cognizance of these state claims. The Supreme Court in *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) stated that:

> Federal courts have the constitutional power to exercise pendent jurisdiction when the state and federal claims derive from a common nucleus of operative fact, such that the plaintiff would ordinarily be expected to try them all in one judicial proceeding, and when the federal claim has sufficient substance to confer subject matter jurisdiction on the court.

However, even if these constitutional requirements are met, the court has broad discretionary powers to decline pendent jurisdiction. *Lazic v. University of Pennsylvania*, 513 F.Supp. 761, 769 (E.D.Pa.1981).

■ In deciding whether to exercise pendent jurisdiction, in the Title VII action before us, we believe the following language used by the court in *Jong-Yul Lim v. The International Institute of Metropolitan Detroit*, 510 F.Supp. 722, 725–26 (E.D.Mich., S.D.1981) is most instructive.

> The limited grant of relief under Title VII is an indication of congressional intent to negate the exercise of pendent jurisdiction over the plaintiff's state law claims. The relief available to an aggrieved party under the federal statute is equitable in nature.... The statutory exclusion of legal remedies under Title VII reveals a congressional desire to restrict the type of relief awarded in discrimination claims brought under this statute. Joinder of state law claims brought under which a plaintiff may be entitled to compensatory or punitive damages directly conflicts with this congressional intent of limited relief.
>
> Perhaps most significant in revealing congressional negation of the exercise of pendent jurisdiction under these circumstances are the specific procedural limitations contained in Title VII. The foremost procedural limitation surfaces in the form of the express congressional determination that Title VII claimants are not entitled to a jury trial. 42 U.S.C.

§ 2000e–5(f)(4). In addition, Congress has specifically set forth the time within which claims under Title VII should be adjudicated, one-hundred twenty days. 42 U.S.C. § 2000e–5(f)(5). Congress has also provided for an alternative method of adjudication, trial by a master, if the court finds that the Title VII claim cannot be tried within the 120 days.

> The joinder of state law claims which expand the scope of issues to be resolved and preclude the possibility of referring the matter to a master would frustrate the express congressional intent of having employment discrimination cases under Title VII resolved in the most expeditious manner possible.

Thus, allowing plaintiff to pursue her state claims in addition to her Title VII claims before this court would frustrate the clear congressional mandate of adjudicating Title VII claims in an expedited manner. Not only would the additional issues raised by the state law claims delay the progress of the entire case, but one of the avenues of obtaining expedited relief under Title VII, the assignment of the case to a master, would be entirely foreclosed.

■ Plaintiff has also submitted a request for a jury trial. Title VII affords no right to a trial by jury, 42 U.S.C. § 2000e–5(f)(4). *Lazic* at 770. In the case *sub judice*, we have already dismissed all of plaintiff's claims except for retaliation under Title VII. Since plaintiff's only remaining claim falls under Title VII, 2000e–5(f)(4) mandates that plaintiff is not entitled to a trial by jury.

In its prayer for relief, plaintiff seeks compensatory and punitive damages including but not limited to loss of wages, past and future, with interest. 42 U.S.C. § 2000e–5(g) provides in pertinent part, "the court may order such affirmative actions as may be appropriate, which may include, but is not limited to, reinstatement ... with or without back pay ... or any other equitable relief as the court deems appropriate." This circuit, in *Richerson v. Jones*, 551 F.2d 918, 926–28 (3d Cir.1977) interpreted the phrase "any other equitable

relief" to foreclose any punitive damage claims under Title VII since punitive damages are a traditional form of relief offered in courts of law and not courts of equity. In arriving at this conclusion, the court examined the legislative history of the provision and found no evidence of a congressional intent to authorize punitive damage awards under Title VII.

■ While this circuit has addressed the issue of punitive damages, it has not yet decided whether § 2000e–5(g) provides for compensatory damages beyond back pay. The district court in *Hooten v. Pennsylvania College of Optometry*, 601 F.Supp. 1151, 1153 (E.D.Pa.1984), noted that the district courts within the Third Circuit have reached contradictory results on this issue. The *Hooten* court faced with this issue, decided to follow the view expressed in *Bradley v. Corson*, 501 F.Supp. 75 (E.D.Pa. 1980) and *Presseisen v. Swarthmore College*, 71 F.R.D. 34, affirmed mem., 582 F.2d 1275 (3d Cir.1978) that compensatory damages beyond back pay are unavailable in a Title VII proceeding. The *Hooten* court noting that the *Bradley* and *Presseisen* decisions drew much of their legal reasoning from *Van Hoomissen v. Xerox Corp.*, 368 F.Supp. 829 (N.D.Ca.1973) cited from Van Hoomissen in part:

> Congress intended to provide a "wide panorama of equitable tools" that courts might use but did not intend that courts should punish defendants by imposing upon them large money awards in the form of compensatory or punitive damages. The debate on the legislation is devoid of any reference to money damages outside of the specific provisions written into the statute providing back pay.

As we have already noted, only plaintiff's Title VII claim for retaliation remains before the court. Therefore, we must limit plaintiff's request for compensatory damages to back pay and deny plaintiff's request for punitive damages.

In view of the foregoing, an order will be entered dismissing all of the the plaintiff's claims except the Title VII claim for retaliation.