528 A.2d 971

Frances C. HACKETT, Individually and as Executrix of the
Estate of Catherine A. Cook, Appellant

v.

UNITED AIRLINES and William R. May
Funeral Home, Inc.

Superior Court of Pennsylvania.

Argued March 26, 1987.

Filed July 13, 1987.

Joseph L. Foley, Glenside, for appellant.

Jonathan S. Ziss, Philadelphia, for United Airlines, appellee.

William B. Brooks, Norristown, for William F. May, appellee.

Before CAVANAUGH, BROSKY and TAMILIA, JJ.

BROSKY, Judge:

This is an appeal from an order sustaining preliminary objections, in the nature of a demurrer, to appellant's complaint. Appellant's sole contention on appeal is that the trial court misread and misapplied Pennsylvania law when it found that appellant's complaint failed to state a cause of action. Upon review of the relevant pleadings and the arguments of counsel, we now affirm.

Appellant is Frances C. Hackett, who brought suit in Montgomery County in her individual capacity and in her

representative capacity as the daughter of Catherine A. Cook, whose remains are the subject matter of this litigation. Appellant retained the services of appellee William R. May Funeral Home, Inc., to arrange shipment of her mother's remains to a chapel in San Francisco, California, for services and burial. Appellee May assured appellant that a bronze casket, in lieu of a shipping crate, would provide adequate protection for the body during transport, and, as a result, appellant purchased a bronze casket.

The shipment was handled by appellee United Airlines. Upon arrival of the casket in California, it was discovered that the casket had sustained numerous dents during the trip, severely damaging both the casket and the body of appellant's mother. Appellant is alleged to have suffered great mental anguish, humiliation, and embarrassment at the funeral, as the damaged condition of the casket was evident during the services. Appellant is further alleged to have required medical treatment for an emotional state brought about by these events, which it is contended will continue for an indefinite period of time.

Appellant filed suit against appellees, claiming that their careless preparation of her mother's body for shipment, and mishandling of the casket during shipment, inflicted emotional distress upon appellant, entitling her to recover damages in excess of fifty thousand dollars ($50,000.00). Both appellees filed preliminary objections, contending that appellant's complaint stated a cause of action for negligent infliction of emotional distress, and that such actions are not recognized in Pennsylvania under the circumstances set forth in the complaint. The trial court sustained the preliminary objections of both appellees, and dismissed the complaint. This timely appeal followed.

At the outset, prior to our analysis of the legal issues presented, we are compelled to note that the decision we reach today has been a difficult and disturbing decision to make. We cannot help but express our considerable sympathy for the sufferings of appellant. She has, undoubtedly, undergone a traumatic and shocking experience according

to the facts as alleged. We share in her anguish and outrage as to the careless and thoughtless manner in which her mother's remains were handled by appellees. The result we reach is one that we are constrained to reach by the laws of this Commonwealth, and does not reflect any insensitivity on our part to appellant's tragic situation.

Turning then to the legal issues *sub judice*, appellant contends that the trial court misinterpreted Pennsylvania law in the area of infliction of emotional distress, and in support thereof, presents a twofold argument.

Appellant contends: (1) that the case of *Papieves v. Lawrence*, 437 Pa. 373, 263 A.2d 118 (1970), does not limit recovery for emotional distress to intentional or wanton mishandling of dead bodies, but permits recovery where the mishandling has been merely negligent; and (2) that the *Sinn v. Burd*, 486 Pa. 149, 404 A.2d 672 (1979), limitations upon recovery for negligent infliction of emotional distress do not apply to cases involving mishandling of the dead. It is appellant, however, who has misinterpreted the law in both instances.

In *Papieves*, supra, the Supreme Court was faced with an unusual factual scenario. The parents of a fourteen year old boy, who had been fatally injured when struck by an automobile, sued the driver, and a friend of said driver, for intentionally concealing the dead boy's body after the accident by burying it in a shallow grave, where it was later discovered. The complaint was originally dismissed on the basis that damages for infliction of emotional distress were not recoverable under such circumstances pursuant to Pennsylvania law. The Supreme Court held the dismissal to be error, and expressly adopted the Restatement of Torts (1939) rule of recovery for emotional distress, as set forth in Section 868:

> A person who *wantonly mistreats* the body of a dead person or who without privilege *intentionally removes, withholds* or *operates upon* the dead body *is liable* to the member of the family of such person who is entitled to the disposition of the body. (Emphasis supplied.)

The Supreme Court took note of the comments to § 868, which indicate that the cause of action provided is essentially one for "mental suffering caused by the improper dealing with the body",[1] and held that a decedent's relatives are entitled to "protection against intentional, outrageous or wanton conduct which is peculiarly calculated to cause them serious mental or emotional distress." *Papieves*, supra, at p. 121.

Appellant now contends that the Supreme Court's adoption of the first Restatement's rule of recovery for mental distress in connection with mistreatment of the dead, permits this Court to now extend that rule of recovery to allow a cause of action for negligent infliction of emotional distress through negligent or careless mistreatment of the dead, as provided for in the 1977 revision of Section 868 in the Restatement (Second) of Torts, which reads as follows:

One who *intentionally, recklessly or negligently* removes, withholds, mutilates or operates upon the body of a dead person or prevents its proper interment or cremation is subject to liability to a member of the family of the ceased who is entitled to the disposition of the body. (Emphasis supplied.)

Appellant's position, however, not only involves an overly expansive reading of *Papieves*, but blatantly ignores the express language contained therein. *Papieves*, as noted above, expressly limits the provided cause of action to infliction of distress through intentional, outrageous, or wanton behavior calculated to bring about such distress. There is no indication whatsoever in the opinion that the Court intended to blanketly sanction any extension of the provided cause of action in accordance with future revisions of, or additions to, Section 868 in later Restatements. As such, we do not feel that the construction of *Papieves* suggested by appellant involves a mere natural and logical extension of the Court's decision to adopt Section 868 of the first Restatement. Rather, we hold that any extension of

1. *Papieves*, supra, at p. 120, citing Restatement of Torts (1939), § 868, Comments (a) and (b).

the *Papieves* rule of recovery to include actions for negligent infliction of emotional distress, must come from the Supreme Court itself, through express adoption of the 1977 Restatement (Second) revision of Section 868.

Furthermore, were we, arguendo, to conclude that the *Papieves* rule of recovery does not bar causes of action for negligent mishandling of the dead, we would nonetheless be forced to resolve this matter in appellees' favor due to the inherent fallacies in appellant's second argument: that the *Sinn v. Burd* limitations upon recovery for negligent infliction of distress are inapplicable to cases involving mistreatment of dead bodies. Appellant again relies upon *Papieves*, wherein the Supreme Court rejected the impact rule as inapplicable to the factual setting therein. Appellant now argues that the Supreme Court intended to preclude any consideration of the impact rule, and its progeny, from any and all actions involving mishandling of the dead, thereby precluding, in the case *sub judice*, application of *Sinn v. Burd*. Once again, appellant has misconstrued *Papieves*.

■ The *Papieves* Court addressed the viability of the impact rule, and its application to the facts before it, as follows, at pp. 121–22:

(T)he impact rule, to the extent that it remains a viable rule of law in Pennsylvania, is inapplicable in the case now before us. As it was applied in this Commonwealth, the rule limited the scope of duty imposed upon an actor *who by his negligence* had imperiled the plaintiff; the rule precluded a plaintiff's recovery of damages *for the negligently inflicted consequences* of fright, shock or emotional disturbance absent some contemporary physical impact with, or some physical injury to, the plaintiff. *At issue in the present case is the right to recover for emotional distress which—so it is alleged—has directly resulted from defendants' intentional or wanton misconduct. Invocation of the impact rule is no more meaningful in this instance than it would have been in the areas of libel or invasion of privacy where recovery is permitted for mental or emotional distress without*

*regard to the presence of "impact".* (Citations omitted.) (Emphasis supplied.)

Clearly, then, the Supreme Court's rejection of the impact rule in *Papieves* did not hinge upon the fact that the cause of action before it involved the mishandling of the dead, but upon the fact that an *intentional* tort was being alleged. The impact rule, and its modifications, only apply to negligence actions. As such, *Papieves supports,* not precludes, the application of the impact rule and its later case law refinements, such as *Sinn,* to the cause of action alleged in appellant's complaint.

Turning, then, to the limitations placed upon causes of action for negligent infliction of emotional distress, we are constrained to conclude that appellant's claim is barred by *Sinn.*

■ In *Sinn,* the Supreme Court adopted the three-part test of *Dillon v. Legg,* 28 Cal.2d 728, 69 Cal.Rptr. 72, 80, 441 P.2d 912, 920 (1968) to determine a negligent tortfeasor's liability for infliction of distress. In order to set forth a viable cause of action for negligent infliction of distress, one of three situations must be present:

(1) the claimant must have been located near the scene of the accident as contrasted with one who was a distance away (this is better known as the "zone of danger" test);[2]

(2) the shock to the claimant must have resulted from the sensory and contemporaneous observance of the accident in question, as contrasted with learning of the accident after its occurrence; or

(3) the claimant must have been closely related to the victim, as contrasted with the absence of a relationship, or the presence of a distant relationship.

2. This test was initially established in Pennsylvania by the decision in *Niederman v. Brodsky,* 436 Pa. 401, 261 A.2d 84 (1970), in which the Supreme Court extended causes of actions for negligent infliction of distress to situations in which the claimant received no physical impact, but was within the "zone of danger", and, as such, in fear of physical impact.

Arguably, the third *Sinn* category is applicable here. However, Pennsylvania has been reluctant to permit recovery pursuant to category (3) where the claimant did not witness the negligent act causing injury to the loved one.

In *Yandrich v. Radic*, 495 Pa. 243, 433 A.2d 459 (1981), the claimant father had not witnessed his son's accident, but had proceeded to the hospital upon learning of his son's whereabouts. The Supreme Court was equally divided on the question of whether the father was entitled, under *Sinn*, to recover for emotional distress when he had not witnessed the precipitating negligent event.

In the later decision of *Brooks v. Decker*, 343 Pa.Super. 497, 495 A.2d 575 (1985), our Court sustained an order dismissing a complaint for distress, as the claimant parent had not witnessed his child's accident. At that time, we stated:

> If, as appellant contends, the law should now be changed to include such a cause of action, that change must come from the Supreme Court. *Brooks*, supra, at p. 576.

We reiterate today our position that the extension in the law sought by appellant properly lies with the Supreme Court. Case law to date has only permitted recovery for negligent infliction of distress, under category (3) in *Sinn*, where the claimant has actually witnessed the negligent infliction of harm. Until such time that the Supreme Court chooses to extend recovery as now requested by appellant, we are constrained from extending recovery under the facts *sub judice*.

■ In summary, then, we now hold the following:

(1) the *Papieves* doctrine, concerning distress inflicted through mistreatment of the dead, does not permit a cause of action where the mistreatment is merely negligent, as opposed to intentional or wanton;

(2) should the Supreme Court choose to extend the *Papieves* doctrine to include negligent mishandling, the Court must additionally specify whether the current interpretation of *Sinn*, as precluding recovery where the claimant has not

witnessed the negligent act, will preclude a cause of action in which the negligent harm to the deceased has not been witnessed by the loved one.

In light of the above, we must now hold, despite our obvious sympathy for the grief endured by appellant, that appellant's complaint was properly dismissed.

Order affirmed.

CAVANAUGH, J., concurs in the result.