**Weiley v. Albert Einstein Medical Center**

*John S. Benson*, for plaintiff.

*Cy Goldberg, Jason W. Rubin* and *Lori C. Miller*, for defendant Albert Einstein Medical Center.

*Matthew S. Heilman*, for defendant Temple University School of Medicine.

*Charles J. Daly*, for defendant Hancock Funeral Home, Ltd.

MASSIAH-JACKSON, *J.*, April 22, 2014—

## I. FACTUAL BACKGROUND and PROCEDURAL HISTORY

On January 12, 2009, Mr. Elmer Weiley was admitted to Albert Einstein Medical Center in Philadelphia. His son, Mr. Douchan Weiley, was the point of contact and next of kin for his father. Hospital medical personnel, social workers, the chaplain and others spoke with Douchan Weiley about the prognosis. Elmer Weiley died on January 23, 2009.

On January 27, 2009, plaintiff-Douchan Weiley received a call from Einstein's Social Service Department advising him that his father's body had been transferred to Hancock Funeral Home. Plaintiff-Weiley contacted the funeral home and learned that his father's body had been sent to Temple University's Medical School. Plaintiff-Weiley went to the medical school so that his father's body could be released to the Philadelphia Crematories Funeral Home (where the family had previously made arrangements). At that time plaintiff-Weiley and his family were required to view the body in order to identify it. They were surprised and distressed to observe post-mortem operations had been performed on their father, that is, scars to the face, head and body, as well as evidence that his brain had been

removed.

In October, 2010, plaintiff-Weiley commenced this civil action against Einstein Hospital, Temple University, Hancock Funeral Home and others. In December, 2010, the court of common pleas (Tereshko, J.) sustained all preliminary objections and dismissed plaintiffs complaint. On May 12, 2012, the honorable Superior Court issued an opinion which affirmed in part and reversed in part the rulings on the motions. *This case is now ready for trial in 2014.*

The Superior Court concluded that a jury should determine the merits of plaintiff-Weiley's cause of actions for tortious interference with a dead body and punitive damages against Einstein Hospital. In *Weiley v. Albert Einstein Medical Center, et al.*, 51 A.3d 202 (Pa. Superior Ct. 2012), the appellate court commented at 213:

"According to these facts and inferences, one could conclude the following. Weiley was the family member entitled to disposition of the body. This privilege or authority was not transferred to hospital. Hospital knew that Weiley did not want organ donation or dissection. Yet, without trying to contact Weiley or otherwise obtain consent, it transferred and/or donated the body to school despite this knowledge. School accepted the body as an anatomical donation whereupon it was dissected. Hospital's unauthorized conduct caused this result, and, given hospital's knowledge of Weiley's contrary wishes and Weiley's distraught feelings and involvement as expressed throughout the time of his father's treatment, a factfinder could conclude that

hospital was substantially certain that Weiley would suffer serious emotional distress, sufficient for the 'intentional' portion of [Restatement (First) of Torts] section 868."

The appellate court remanded the punitive damages claims for trial, holding at 51 A.3d 219:

"In awarding punitive damages, '[t]he state of the mind of the actor is vital.' *Feld v. Merriam*, 485 A.2d 742, 748 (1984)... As explained above, with regard to the tort of interference with a dead body under section 868, based on the facts averred, a factfinder could determine that hospital's conduct was intentional or reckless."

In March, 2014, defendant-Einstein Hospital filed this motion for summary judgment. After consideration of the record, the defendant's motion is denied.

## II. LEGAL DISCUSSION

Rule 1035.2(1) permits summary judgment:

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report,...

Plaintiff-Weiley has the burden of proof at trial. It is clear from the record and from the opinion of the Superior Court that there are many issues of fact for a jury to determine. Restatement (First) of Torts, Section 868 provides that the jury may consider both (a) whether Einstein Hospital acted by wantonly mistreating the body of Elmer Weiley, and, (b) whether Einstein Hospital

acting without privilege to do so "intentionally" removed or withheld or operated upon Mr. Weiley. *See, Papieves v. Lawrence,* 263 A.2d 118, 120 (Pa. 1970); *Hackett v. United Airlines,* 528 A.2d 971 (Pa. Superior Ct. 1987).

Einstein Hospital suggests in its motion that this court should rule as a matter of law that this defendant is immune from liability. This court does not agree. The affirmative defenses are Einstein's burden of proof. Einstein Hospital's conduct, i.e., "good faith" and/or "intent" must be assessed by the triers of fact.

20 Pa. C.S.A. §8611 provides the order of priority of "persons who may execute anatomical gifts." Einstein Hospital will have the opportunity at trial to explain, First, whether the persons identified in Section 8611(a) were available, "*and*" Second, whether Einstein had actual notice of contrary indications by Elmer Weiley, "*or*", actual notice from others of opposition to such an anatomical gift.

20 Pa. C.S.A. §8616 provides immunity from liability for "a person [Einstein Hospital] who acts in good faith in accordance with the terms of subchapter...." Einstein Hospital will have the opportunity at trial to permit a jury to assess "good faith."

20 Pa. C.S.A. §8642 provides immunity from civil and criminal liability when "a person [Einstein Hospital] acts in good faith...." Again, "good faith" is a jury decision. Significantly, if the jury verdict sheet reflects that the defendant's actions were based on "gross negligence, recklessness or intentional misconduct", the legislature has determined there is *no* immunity.

Further, if the jury determines that compensatory damages are appropriate, the Superior Court has directed that the claim for punitive damages is to be assessed by the factfinders.

Finally, this cause of action is not a professional negligence litigation and does not require the filing of a certificate of merit. The case does not involve a breach of a professional standard of care.

## III. CONCLUSION

For all of the reasons set forth above, the motion for summary judgment filed by Albert Einstein Medical Center is denied.

## ORDER

And Now, this 22nd day of April, 2014, after consideration of the motion for summary judgment filed by Albert Einstein Medical Center, and plaintiff's response thereto, and for the reasons set forth in the memorandum filed this date, it is hereby ordered that the defendant's motion is denied. *See also*, *Weiley v. Albert Einstein Medical Center*, 51 A.3d 202 (Pa. Super. Ct. 2012).