J-A30036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EDWARD H. SATERSTAD | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOSHUA D. LOCK, GOLDBERG, KATZMAN & SHIPMAN, P.C., KATHY MURRAY, SKIP GOCHENOUR, COURTNEY L. KISHEL AND JAMES, SMITH, DIETERRICK & CONNELLY, LLP | |
| Appellees | No. 337 MDA 2016 |

Appeal from the Orders Dated December 20, 2012, and January 29, 2016
In the Court of Common Pleas of Dauphin County
Civil Division at No: 2006-CV-4989-CV

BEFORE:  BOWES, OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:          **FILED FEBRUARY 13, 2017**

Appellant, Edward H. Saterstad ("Saterstad") appeals *pro se* from the December 20, 2012 order entered in the Court of Common Pleas of Dauphin County ("trial court") sustaining the preliminary objections and dismissing all claims against Courtney L. Kishel ("Kishel") and James, Smith, Dietterick & Connelly, LLP, ("JSDC") with prejudice, and the January 29, 2016 order sustaining the preliminary objections and dismissing all claims against Joshua D. Lock ("Lock"), Goldberg, Katzman & Shipman, P.C. ("GKS"), Kathy Murray ("Murray"), and Skip Gochenhour ("Gochenhour"), together ("Appellees").  Upon review, we affirm.

The trial court summarized the circumstances which led to Saterstad's complaint as follows.

[O]n February 1, 2001, SC, a minor, identified [Saterstad] and his car to SC's Grandmother and made a report to Harrisburg Police that [Saterstad] had approached her and her friend earlier that same afternoon and offered SC $200 to "fool around."  As a result of this report, [Saterstad] was arrested for attempted kidnapping, attempted luring, and stalking of SC.

On February 22, 2001, [Saterstad] contacted [GKS] to inquire about an attorney to represent him at his criminal trial. GKS and [Murray] advised [Saterstad] that [Lock] was attentive to clients and was one of the best trial attorneys in Harrisburg.

[Saterstad] met with Lock and told him that he was innocent of the charges and had no interest in any plea.  Lock offered to represent [Saterstad] for $12,500, in consideration of which, he would investigate, develop and present an innocence defense through trial to include alibi, credibility of SC, misidentification, and possible motive for false accusation. [Saterstad] agreed to Lock's offer and paid Lock $2,500, with the remaining $10,000 to be paid after the Preliminary Hearing. [Saterstad] paid Lock the remaining $10,000 on June 4, 2001[,] after Lock represented him at the February 28, 2001 Preliminary Hearing.  At this time, [Saterstad] reiterated that he was not interested in any type of plea agreement, and Lock again acknowledged the agreement to develop an innocence defense, including credibility issues, conflicting statements, possible motives for false accusation, and alibis that dispute the allegations.

[Saterstad's] trial commenced on September 8, 2003. [Saterstad] avers that Lock did not present the defense and issues that he agreed to present and, as a result, [Saterstad] was found guilty at trial.

[Saterstad] brought claims for Breach of Contract and Abuse of Process against [Lock], claims for violation of the Unfair Trade Practices and Consumer Protection Law against [Gochenour, Murray and GKS,] and claims for Intentional Infliction of Emotional Distress against [Lock, Gochenour, and Murray].

[The trial court] provided [Saterstad] with several opportunities to file a Complaint against Appellees that complied with the applicable Rules of Civil Procedure and stated valid claims against Appellees. On February 27, 2014, [Saterstad] filed his Sixth Amended Complaint. Appellees filed Preliminary Objections to this Complaint on March 19, 2014, and [Saterstad] filed Preliminary Objections to Appellees' Preliminary Objections on April 10, 2014. After disposing of [Saterstad's] Preliminary Objections by Order dated September 3, 2014, [the trial court] Ordered [Saterstad] to file a brief in opposition to Appellees' Preliminary Objections no later than October 19, 2015, and [the trial court] scheduled oral argument for December 22, 2015 at 11:00 a.m. This Order, dated October 16, 2015[,] was sent to [Saterstad] at his address of record. Despite having over two months' notice of the date and time of the oral argument, [Saterstad] failed to appear. As a result of [Saterstad's] failure to appear at the oral argument, [the trial court] entered an Order sustaining Appellee's Preliminary Objections and dismissing [Saterstad's] Sixth Amended Complaint with prejudice.

Trial Court Opinion, 4/25/2016, at 1-3 (sic).

Subsequently Saterstad filed a notice of appeal on February 23, 2016. After the trial court directed Saterstad's compliance with Pa.R.A.P. 1925(b), Saterstad filed a concise statement on March 9, 2016. The trial court issued a Rule 1925(a) opinion on April 25, 2016.

On appeal, Saterstad raises six issues, which we quote verbatim.

I.    Did the trial court err with its 2/1/16 Order and Dismissal with Prejudice, sustaining Appellees' preliminary objections, without consideration of the sufficiency of complaint claims, without indication of deficiency or that any deficiency cannot be cured, and when Appellant's Complaint clearly states *prima facie* claims[.]

II.   Did the trial court err with its 12/20/12 Order and Dismissal with Prejudice that sustained Appellees' preliminary objections ("PO"), without allowing Appellant to respond[.]

III.    Did the trial court err with its 12/20/12 Order sustaining Appellees' preliminary objections and dismissing Appellant's contract claim against Kishel on the basis that Appellant refused to provide a Certificate of Merit, when Appellant sufficiently set forth a *prima facie* true contract claim which alleges that Kishel breached specific agreement terms, and when this specific and distinct claim does not sound in negligence, does not allege or set forth a negligence or professional liability claim, and does not require a Certificate of Merit[.]

IV.     Did the trial court err with it 12/20/12 Order sustaining Appellees' preliminary objections and dismissing Appellant's intentional fraudulent inducement claim against Kishel, on the basis that Appellant refused to provide a Certificate of Merit, when Appellant sufficiently set forth a prima facie intentional tort fraud claim and when this separate and distinct Count does not sound in negligence, does not allege or set forth a negligence of professional liability claim, and does not require a Certificate of Merit[.]

V.      Did the trial court err with its 12/20/12 Order sustaining Appellees' preliminary objections and dismissing the Appellant's malpractice Count on the basis that Appellant refused to provide a Certificate of Merit, when the Court presented no authority or discussion to support its conclusion that expert testimony is even necessary contrary to the assertions in the Certificate of Merit filed by Appellant, and because expert testimony is not necessarily required in legal malpractice action where issues are not beyond knowledge of the average person[.]

VI.     Did the trial court err with its 12/20/12 Order sustaining Appellees' preliminary objections and dismissing Appellant's claims against Kishel, because Appellant raised issues of fact, controverted, as to whether Kishel breached her duty to honor specific contract terms and as to whether Kishel made fraudulent representations to Appellant with specific intent of inducing Appellant into hiring Kishel, because these are questions for finder of fact and should preclude granting or sustaining preliminary objections[.]

Appellant's Brief at 6.

Our standard of review for an order sustaining preliminary objections is well settled.

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

*Brosovic v. Nationwide Mut. Ins.*, 841 A.2d 1071, 1073 (Pa. Super. 2004) (quoting *Clemleddy Const., Inc. v. Yorston*, 810 A.2d 693, 696 (Pa. Super. 2002)).

Saterstad's first issue is that the trial court erred when it dismissed Saterstad's sixth amended complaint with prejudice because the complaint stated a *prima facie* claim. In his complaint against Lock, Saterstad raises four claims, breach of contract, abuse of process, violation of the Unfair Trade Practices and Consumer Protection Act ("UTPCPL"), and intentional infliction of emotional distress.

Essentially, Saterstad's claim flows from the fact that he was he hired Lock to represent him in a criminal matter and was convicted. Saterstad is attempting to couch a legal professional liability claim against Lock as a breach of contract action. Even if we treated the claim as a breach of contract action, Saterstad failed to properly plead such action. "It is well-

established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016). Moreover, the trial court correctly found that Saterstad did not properly plead the elements to a breach of contract claim. *See* Trial Court Opinion, 4/25/2016, at 4. Saterstad's complaint fails to allege Lock breached the contract. Saterstad hired Lock to represent him for a criminal matter and Lock performed that duty. Therefore, the trial court properly sustained Lock's preliminary objection to the breach of contract claim.

Saterstad's second claim is that Lock abused the legal process by submitting an affidavit to the district attorney during post-conviction proceedings. "To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." *Lerner v. Lerner*, 954 A.2d 1229, 1238 (Pa. Super. 2008) (quoting *Shiner v. Moriarty*, 706 A.2d 1228, 1236 (Pa. Super. 1998), *appeal denied*, 729 A.2d 1130 (Pa. 1998)). Upon review, the trial court correctly found that Saterstad failed to properly plead the elements of abuse of process. *See* Trial Court Opinion, 4/25/2016, at 5. Namely, the trial court found that Saterstad did not plead the second element that the process was used primarily to accomplish a purpose for

which the process was not designed. Saterstad pled that Lock filed an affidavit for use by the Commonwealth in a post-conviction proceeding, which raised ineffective assistance of counsel claims. The signing of the affidavit was for the intended purpose of the process; therefore, the trial court properly sustained Lock's preliminary objection to the abuse of process claim.

Saterstad's third count is an unfair trade practices claim against GKS. "To bring a private cause of action under the UTPCPL, a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance." ***Yocca v. Pittsburgh Steelers Sports, Inc.***, 854 A.2d 425, 438 (Pa. 2004) (citations omitted). In ***Beyers v. Richmond***, 937 A.2d 1082 (Pa. 2007) (plurality opinion), our Supreme Court held that the UTPCPL does not apply to an attorney's misconduct as the rules of professional conduct and the Rules of Professional Conduct and Rules of Disciplinary Enforcement are the exclusive means to address such claims. ***Id.*** at 1092. Moreover, the ***Beyers*** Court noted that "most states have enacted a consumer protection statute. The majority of jurisdictions that have addressed this issue have held that the regulation of attorneys does not fall within the ambit of consumer protection laws." ***Id.*** at 1086. Upon review of Saterstad's third claim, it is apparent that he has failed to state a cause of action. Instead, Saterstad is attempting to couch a professional liability claim as a claim that GKS violated the UTPCPL. As such, the trial court did not abuse its

discretion when it found Saterstad failed to state a claim upon which relief could be granted.

Saterstad's final claim against Lock, Gochenour and Murray is a claim of intentional infliction of emotional distress.

> To prove a claim of intentional infliction of emotional distress, the following elements must be established:
>
> (1)     The conduct must be extreme and outrageous;
>
> (2)     it must be intentional or reckless;
>
> (3)     it must cause emotional distress;
>
> (4)     that distress must be severe.

*Hoy v. Angelone*, 691 A.2d 476, 482 (Pa. Super. 1997) (citing *Hooten v. Penna. College of Optometry*, 601 F. Supp. 1151, 1155 (E.D.Pa. 1984)); Section 46 of the Restatement (Second) of Torts).  Upon review of Saterstad's complaint, he fails to plead that the conduct of Lock, Gochenour and Murray is extreme and outrageous.[1]  Saterstad's allegation that Lock

---

[1] The Restatement (Second) of Torts defines "extreme and outrageous conduct" as follows:

> The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous.  It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.  Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree , as to go beyond all possible bounds of decency, and to be regarded as

*(Footnote Continued Next Page)*

testified at a post-conviction hearing and submitted an affidavit does not constitute outrageous conduct; therefore, Saterstad's claim fails. Moreover, Saterstad fails to discuss this claim in his brief; therefore the claim is waived. Therefore, the trial court correctly sustained the preliminary objections to the sixth amended complaint.

Furthermore, the trial court correctly dismissed Saterstad's claims with prejudice. The trial court had given Saterstad five chances to amend his complaint, and in each subsequent amended complaint, he failed to state a claim upon which relief could be granted. Therefore, we find that the trial court did not abuse its discretion when it dismissed Saterstad's complaint with prejudice.

Saterstad's second through sixth issues presented are intertwined and therefore we will address them as one. Namely, the issue is whether the trial court properly sustained the preliminary objections to Saterstad's fourth amended complaint and dismissed the complaint with prejudice. Saterstad's fourth amended complaint contained multiple counts including 1) breach of

*(Footnote Continued)*

atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

***Gray v. Huntzingeri***, 147 A.3d 924, 927 n.1 (Pa. Super. 2016) (citing Restatement (Second) of Torts § 46 comment d. (1965)).

oral contract against Lock; 3)[2] abuse of process against Lock; 4) fraud/fraud in the inducement against Kishel; 5) breach of oral contract against Kishel; 6) intentional infliction of emotional distress against Lock, Gochenour, and Kishel; 7) an unfair trade practices claim against GKS, Murray, and Gochenour; 8) negligent supervision against JSDC; 9) professional malpractice against Kishel; and 10) professional malpractice against Lock. As we have previously addressed counts 1, 3, 6, and 7 above, we need not address them again.[3]

Upon review of Saterstad's complaint, it is clear that all of his claims are professional liability claims. Our rules provide that

> (a)  In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney of the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>
> > (1)  An appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

---

[2] Saterstad's fourth amended complaint does not contain a count 2.

[3] The order sustaining the preliminary objections and dismissing Saterstad's fourth amended complaint is properly before this Court because it did not dismiss all claims against all defendants and this is Saterstad's first opportunity to challenge the order.

(2) The claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom the defendant is responsible deviated from an acceptable professional standard, or

(3) Expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa.R.C.P. 1042.3. As all of Saterstad's claims are professional liability claims, he was required to file a certificate of merit. After being given numerous opportunities to do so, Saterstad failed to provide a certificate of merit. Moreover, the trial court gave Saterstad sufficient opportunity to amend his complaint and he failed to plead a claim upon which relief could be granted. Therefore, the trial court properly found that Saterstad's complaint was insufficient and dismissed it with prejudice.

Orders affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2017